IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, #Y55493, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-02771-JPG |
| ) | |
| CRAWFORD COUNTY JAIL and ) | |
| NURSE PRACTITIONER AMANDA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Micheal Attaway filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that arose during his pretrial detention at Crawford County Jail. In the Amended Complaint,[1] Plaintiff alleges that he sustained serious injuries in a hit-and-run accident prior to his detention at the Jail on June 14, 2022. (Doc. 14). He requested medical treatment for his ongoing injuries and excruciating pain, but Nurse Practitioner Amanda refused to provide him with any, saying that "there is no acute pharmaceutical treatment for that." *Id*. Plaintiff seeks money damages and injunctive relief.[2] *Id*.

The Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for

---

[1] Plaintiff filed an Amended Complaint (Doc. 14) on September 14, 2023, one month after filing the original Complaint (Doc. 1). The Amended Complaint supersedes and replaces the original Complaint and renders it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

[2] Plaintiff specifically seeks a court order requiring the Jail to provide their inmates with adequate care and treatment. The Court construes this request as one for permanent injunctive relief *at the close of the case*. If Plaintiff requires interim relief, he may file a separate motion for temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 at any time during the pending action.

relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Amended Complaint (Doc. 14):

> **Count 1:** Fourteenth Amendment claim against Nurse Practitioner Amanda and Crawford County Jail for denying Plaintiff timely and adequate medical attention for ongoing injuries and excruciating pain he endured in a hit-and-run accident prior to his pretrial detention at the Jail on June 14, 2022.

**Any claim in the Amended Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

The Fourteenth Amendment due process standard governs a pretrial detainee's claim of inadequate medical care.[4] *Miranda v. County of Lake*, 900 F.3d 335, 352-54 (7th Cir. 2018). Under the Fourteenth Amendment, a plaintiff must allege that the medical care he received, or was denied, was objectively unreasonable, and each defendant acted with "purposeful, knowing, or reckless disregard of the consequences" related to the provision of his care. *Id*. at 353-54. The Court considers "the totality of facts and circumstances" when deciding whether a challenged action was objectively unreasonable. *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause." *Miranda*, 900 F.3d at 353.

The allegations articulate a claim against Nurse Practitioner Amanda under this standard. According to the Amended Complaint, she responded in an objectively unreasonable manner by

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[4] The allegations against Nurse Practitioner Amanda also survive review under the Eighth Amendment deliberate indifference standard that applies to claims of inadequate medical care brought by convicted persons. However, the allegations support no claim, under either standard, against the Jail.

refusing the plaintiff's requests for treatment of lingering injuries and excruciating pain at the Jail. Count 1 shall receive further review against the Jail's nurse practitioner.

However, this claim shall be dismissed against Crawford County Jail because this entity is not a "person" who is subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of this defendant may represent an attempt to hold the county liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. Count 1 shall be dismissed without prejudice against the Jail.

The Court will add the Crawford County Jail Administrator, in his or her official capacity, as a defendant based on Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). This defendant shall be responsible for carrying out any injunctive relief ordered herein.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 14) survives preliminary review under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against **NURSE PRACTITIONER AMANDA**, in her individual capacity, and **COUNT 1** is **DISMISSED** without prejudice against **CRAWFORD COUNTY JAIL** for failure to state a claim.

**The Clerk's Office is DIRECTED to ADD Defendant CRAWFORD COUNTY JAIL ADMINISTRATOR (official capacity) to implement any injunctive relief ordered herein.**

**Because this case addresses a medical claim, the Clerk's Office is also DIRECTED to**

**enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendant **CRAWFORD COUNTY JAIL ADMINISTRATOR** (official capacity) and **NURSE PRACTITIONER AMANDA** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Nurse Practitioner Amanda need only respond to the issues stated in this Merits Review Order, and Crawford County's Jail Administrator need only file an appearance.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/11/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter an appearance, and Nurse Practitioner Amanda will file an Answer to your Amended Complaint. It will likely take at least 60 days from the date of this Order to receive that defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for both defendant before filing any motions, in order to give the defendant(s) notice and an opportunity to respond to those motions. Motions filed before defendant's attorney has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.