IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL N.B. ATTAWAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-02771-JPG |
| | ) |
| **AMANDA TALAMANTES and** | ) |
| **CRAWFORD COUNTY JAIL** | ) |
| **ADMINISTRATOR,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff Micheal N.B. Attaway's Motion to Vacate Order Dismissing Case and Judgment (Doc. 93). For the reasons set forth below, Plaintiff's Motion to Vacate shall be **DENIED** and Plaintiff's related Motion to Change Venue (Doc 94) shall be **DISMISSED** as **MOOT**. The Motion to Withdraw as Attorney (Doc. 98) filed by Defendant Amanda Talamantes shall be **GRANTED**.

## Background

This case was dismissed on December 12, 2024, after Plaintiff failed to respond to a Court Order requiring him to file written notice of his intention to proceed with this action. (Doc. 91). Judgment was entered on the same date. (Doc. 92). Plaintiff now argues that financial hardship and lack of necessary resources following his release from custody prevented him from participating in litigation. Plaintiff asks the Court to reopen the case and reinstate his claims after finding that his delay in moving this matter forward constitutes excusable neglect. (Doc. 93).

1

**Motion to Vacate**

A motion challenging the merits of a district court order is generally treated as a motion filed under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different deadlines and legal standards govern these motions. Rule 59(e) permits a court to amend a judgment in "exceptional cases" only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). A Rule 59(e) motion must be filed within 28 days of the order being challenged.

Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. App'x at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Plaintiff's motion is governed by Rule 60(b). He challenges the Order Dismissing Case (Doc. 91) and Judgment (Doc. 92) entered December 12, 2024, and he filed the Motion to Vacate on March 31, 2025. Because he moved for post-judgment relief well beyond the 28-day window contemplated in Rule 59(e), Plaintiff's motion is controlled by Rule 60(b).

Plaintiff is not entitled to relief here. This is 1 of 22 cases he filed in this District in the year before he was released from custody (*i.e.*, from June 2023 to June 2024). *See also* Case Nos. 23-cv-2091; 23-cv-2168; 23-cv-2445; 23-cv-2613; 23-cv-2757; 23-cv-2946; 23-cv-3083; 23-cv-

3219; 23-cv-3261; 24-cv-0689; 24-cv-1079; 24-cv-1080; 24-cv-1081; 24-cv-1117; 24-cv-1395; 24-cv-1454; 24-cv-1561; 24-cv-1562; 24-cv-1563; 24-cv-1564; and 24-cv-1565. Plaintiff was released in June 2024, and he stopped participating in many of these cases, including this one, soon thereafter.

By November 2024, the Court noted that at least 6 cases were dismissed for lack of prosecution, including Case Nos. 24-cv-1081 (dismissed Oct. 18, 2024); 24-cv-1117 (dismissed Aug. 9, 2024); 24-cv-1395 (dismissed Oct. 3, 2024); 24-cv-1562 (dismissed Oct. 3, 2024); 24-cv-1563 (dismissed Oct. 4, 2024); and 24-cv-1564 (dismissed Oct. 1, 2024). Plaintiff voluntarily dismissed numerous others. Given this, the Court could not discern whether Plaintiff intended to pursue his claims herein. At the time, there was a motion for summary judgment pending on the issue of exhaustion of administrative remedies. Therefore, before taking up the matter, the Court entered an Order to Show Cause (Doc. 90) on November 14, 2024. Plaintiff was required to file written notice of his intent to proceed with his claims by December 5, 2024. *Id*. The Court explicitly warned him that the action would be dismissed for failure to comply with a court order and/or prosecute if he did not respond. *Id*. ("If Plaintiff fails to respond, this action will be dismissed for failure to prosecute.").

Plaintiff filed no response to the Court's Order to Show Cause (Doc. 90) by the deadline of December 5, 2024. He requested no extension of time to do so. The Court entered an Order Dismissing Case based on his failure to comply with the show cause order and/or his failure to prosecute his claims on December 12, 2024. (Docs. 91 and 92). By this time, 5 additional cases were dismissed in this District on the same grounds. *See* Case Nos. 23-2168 (dismissed Nov. 14, 2024); 24-cv-1079 (dismissed Dec. 2, 2024); 24-cv-1454 (dismissed Dec. 10, 2024); 24-cv-1561 (dismissed Dec. 10, 2024); and 24-cv-1565 (dismissed Dec. 10, 2024).

More than three months later, Plaintiff moved for relief from the Order Dismissing Case (Doc. 91) and Judgment (Doc. 92). *See* Doc. 93. In addition, he filed other motions and documents in this matter. (Docs. 94 and 95). Plaintiff also filed motions in many other cases.

Plaintiff blames his inaction in this case on extreme financial hardship and a lack of access to essential resources following his release from custody. However, he provides no evidence or proof that he suffered extreme financial hardship or lacked sufficient resources to comply with the show cause order. Plaintiff initiated each case, so he chose the timing of each lawsuit. Once commenced, he was responsible for tracking each case and keeping up with litigation deadlines. This was regardless of his custody status or the number of lawsuits he filed. Rule 60(b) provides no avenue for relief to litigants who are simply unable to keep up with their own case(s). *See Attaway v. Glover, et al.*, Case No. 24-1565-SPM (S.D. Ill. June 26, 2025) (Doc. 15). *See Henthorn v. Fish*, 2024 WL 1702894, at *2 (S.D. Ind. Apr. 18, 2024) (Rule 60(b) offers no relief to inmate who lacked diligence in litigating claims) (citing *McLaughlin v. Jung*, 959 F.2d 1310, 1312 (7th Cir. 1988) (inmate's own carelessness or lack of diligence does not provide a basis for relief under Rule 60(b)).

To move the case forward, Plaintiff only needed to file a 1-page document in response to the Court's Order to Show Cause. He had ample time to do so, and he could have requested more time, if needed. He did not. Plaintiff also had resources to file at least 5 other lawsuits in this District after his release from custody, including Case Nos. 24-1561-SPM, 24-1562-SMY, 24-1563-GCS, 24-1564-MAB, and 24-1565-SPM. He might have used these resources to move pending litigation forward instead of commencing new lawsuits. Plaintiff's decision to wait for more than 3 months after case closure to flood the Court with post-judgment motions suggests that he had sufficient resources and simply wanted to pace litigation. This is not the type of excusable

neglect that warrants the exceptional relief afforded under Rule 60(b). Plaintiff has presented no argument or evidence of error warranting relief from the judgment.

### Disposition

Plaintiff's Motion to Vacate (Doc. 93) is **DENIED**, and the Motion to Change Venue (Doc. 94) is **DISMISSED** as **MOOT**. The Motion to Withdraw as Attorney for Defendant Amanda Talamantes (Doc. 98) is **GRANTED**. The Clerk's Office is **DIRECTED** to **TERMINATE** Attorney Samuel J. Perkins as counsel for this defendant.

The Court also notes that Plaintiff failed to update his U.S. Mail address when he moved and when he filed his motions (Docs. 93, 94, 95, and 97). Plaintiff is reminded of his ongoing obligation to notify the Clerk of his new address within 14 days of any change, and a separate notice must be filed in each of his cases. *See* Doc. 4.

This case shall remain dismissed without prejudice and is **CLOSED**.

**IT IS SO ORDERED.**

**DATED: October 7, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**